**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

JAMES LOUIS BROCK, III,                    :
                                           :
                    Petitioner,            :
                                           :
v.                                         :         Case No. 4:25-cv-274-CDL-AGH
                                           :
Warden ANDREW MCFARLAND,                   :
                                           :
                    Respondent.            :

---

## ORDER

Petitioner filed a motion to seeking discovery and amendment thereto. (ECF Nos. 6, 8). The Court received Petitioner's motion and amendment on November 25, 2025 and December 11, 2025, respectively, which was before Respondent filed an answer to Petitioner's petition for writ of habeas corpus on January 9, 2026. Mot. to Compel, ECF No. 6; Am. Mot. to Compel, ECF No. 8; Answer, ECF No. 10. Petitioner's motion to compel discovery and amendment were, thus, premature at the time they were filed.

After Petitioner filed his motions, Respondent answered the petition and filed the relevant record in this case. ECF No. 11. The Court has reviewed that record and Petitioner's discovery requests and finds that Petitioner fails to establish good cause for discovery in that the information requested is not likely to lead to facts that would demonstrate that Petitioner is entitled to relief. R. Governing § 2254 Cases 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure[.]"; *see also, e.g., Isaacs v. Head*, 300 F.3d 1232, 1248

(discussing the Supreme Court's interpretation of "good cause" under Rule 6 as "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" (ellipses in original) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997))).

Petitioner seeks discovery to support "Ground One: Lack of Subject Matter Jurisdiction Due to Absence of a Validly Returned Indictment[.]" Pet. 2, ECF No. 1-1. Specifically, Petitioner claims that his indictment was not "returned in open court as required by Georgia law." *Id.* But the indictment in Petitioner's underlying criminal case is in the record at ECF No. 11-4, pages 33-39, to include a cover page stamped by the clerk and stating that the indictment was returned in open court. It is thus unclear why Petitioner needs the discovery he requests. Further, Petitioner claims that he narrowly seeks evidence regarding whether his indictment was returned in open court, but his requests for discovery go far outside that scope. For example, Petitioner requests a transcript of each grand juror taking their oath, transcripts from the judge providing instructions to the grand jurors, and transcripts from the actual grand jury proceedings. Mot. for Leave & to Compel Disc. 6, 9-10, ECF No. 6. These requests would be irrelevant to the question of whether the indictment was later returned in open court. Petitioner has therefore failed to establish good cause for his requests for discovery as required under Rule 6 and his motions (ECF Nos. 6, 8) are denied.

Finally, in reviewing the record in this case, the Court noted that Respondent answered and filed a responsive brief only as to Petitioner's initial petition (ECF No. 1) and not the amended petition (ECF No. 5). **Respondent is thus directed to review the Petition (ECF No. 1) and Amended Petition (ECF No. 5) and file an amended answer and brief in opposition to every claim asserted within thirty (30) days.** Petitioner may file any desired response to the amended answer and any brief in opposition attached thereto within fourteen days of the filing of said documents.

SO ORDERED, this 9th day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE